IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TOJO SEA BELOW, LLC,

    Plaintiff,

v.

BOAT LIGHTS US, LLC and JEFFREY S. FLANDERS,

    Defendants.

CASE NO.: 3:18-cv-731-J-32JBT

## COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

COMES NOW, Tojo Sea Below, LLC ("Tojo"), by and through its undersigned counsel, and files its Complaint for patent infringement against the above-named Defendants, Boat Lights US, LLC and Jeffrey S. Flanders, and for its cause of action hereby states:

### The Parties

1. Tojo is a limited liability company organized and existing under the laws of the State of Florida and having its principal place of business at 8836 SE North Passage Way, Tequesta, Florida 33469.

2. Boat Lights US, LLC ("Boat Lights") is a limited liability company organized and existing under the law of the State of Florida and having its principal place of business at 1633 Farm Way, Suite 508, Middleburg, FL 32068.

3. Boat Lights may be served by service upon its registered agent, Defendant Jeffrey S. Flanders, 1868 Commodore Point Drive, Fleming Island, FL 32003.

4. Jeffrey S. Flanders ("Flanders") is a resident of Florida, residing at 1868

1

Commodore Point Drive, Fleming Island, FL 32003. Flanders is the manager and President of Boat Lights.

5. Boat Lights and Flanders are collectively referred to herein as "Defendants."

6. Defendants regularly conduct their business by way of sales of goods and services, including the goods and services accused of infringement in this case, within the State of Florida and within this judicial district.

### Jurisdiction and Venue

7. This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code.

8. Subject-matter jurisdiction over Tojo's claims is conferred upon this Court by 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (patent jurisdiction).

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) and §1400(b).

10. Defendants are subject to this Court's specific personal jurisdiction by virtue of their residency in this judicial district, their transaction of business within the State of Florida, and sales and offers of sale for the infringing product in Florida. Moreover, as shown herein, Defendants have engaged in acts of infringement giving rise to tortious effects felt in Florida.

### The Patents-in-Suit, Marking and Infringement Thereof

11. On April 21, 2009, U.S. Patent No. 7,520,644 B2, entitled "Transom Drain Light" (the "644 Patent"), a copy of which is attached to the Complaint as **Exhibit A**, was duly and legally issued by the United States Patent and Trademark Office to Robert Jordan and Mike Townsend. Tojo is the owner by assignment of all right, title and interest in the 644 Patent, including all right to sue and recover for any and all current or past infringement of the 644 Patent, and has been the

owner throughout the period in which Defendants have infringed the 644 Patent.

12. On September 13, 2011, U.S. Patent No. 8,016,463 B2, entitled "Transom Drain Light" (the "463 Patent"), a copy of which is attached to the Complaint as **Exhibit B**, was duly and legally issued by the United States Patent and Trademark Office to Robert Jordan and Mike Townsend. Tojo is the owner by assignment of all right, title and interest in the 463 Patent, including all right to sue and recover for any and all current or past infringement of the 463 Patent, and has been the owner throughout the period in which Defendants have infringed the 463 Patent.

13. The 463 Patent is a continuation-in-part of application No. 11/617,328, which is now the 644 Patent. The 644 and 463 Patents are herein collectively referred to as the Patents-in-Suit.

14. As the owner of all rights to the 644 and 463 Patents, Tojo manufactures and sells marine lighting products for underwater lighting, including the Liquid Lite® drain plug lights, underwater drain plug lighting for vessels (herein referred to as "Liquid Lite").

15. The Patents-in-Suit disclose a novel underwater lighting option for marine vessels. Underwater lighting is useful in attracting fish. Use of such light provides greater opportunity to catch fish and to view them in their natural surroundings. In addition, underwater lighting enhances safety around the vessel and provides illuminations to areas that are hard to view in low light conditions. To provide underwater lighting for large boats, lighting systems require a hole to be placed through the hull of a vessel and to be properly secured so that water does not enter the newly created hole. These lighting systems are expensive and require professional installation. For smaller boats, such through-hull lighting may not be possible as such boats do not have space or hull thickness to support the lighting devices.

16. The Patents-in-Suit provide for underwater lighting that can be installed in boats of any size which are removed from the water, without the need for installing additional through-hull fittings. The transom drain light is designed to be securable in the transom drain hole of a marine vessel. The lighting apparatus replaces the conventional drain hole plug used to provide drainage for marine vessels when the vessel is out of the water.

17. As it utilizes a vessel's existing drain plug hole, Tojo's Liquid Lite provides an inexpensive and convenient alternative to lighting the underwater area immediately surrounding a vessel. Tojo marks and has marked all of its Liquid Lite products with the 644 Patent number.

18. Tojo and Boat Lights compete in the market for underwater lighting products.

19. Prior to January 27, 2014, Tojo provided Boat Lights with written notice of the 644 Patent and Tojo's rights therein, and Tojo demanded that Boat Lights cease and desist from manufacturing or sales of any infringing drain plug light. Flanders acknowledged receipt of this notice on January 27, 2014 in an email to Tojo.

20. Tojo and Boat Lights, through its owner Defendant Jeffrey Flanders, engaged in subsequent discussions relating to Tojo's allegations that Boat Lights infringed the 644 Patent. Ultimately, with full knowledge of the 644 Patent and Tojo's contention of infringement, Defendants represented to Tojo that Boat Lights "ha[s] not found a [drain light] product that [they] can build or one that [they] can buy overseas that provides a profit margin that makes it encouraging to stock and sell". However, Boat Lights and Flanders subsequently proceeded to manufacture, market, offer to sell and sell the Drain Plug Light (Blue), SKU: 101-100 (the Accused Product"), despite full knowledge of the 644 Patent and the fact that the accused product infringes at least claim 1 of the 644 Patent. Attached to the Complaint as **Exhibit C** is Boat Light US's website for the Accused Product, *https://www.boatlightsus.com/product-page/drain-plug-light-*

4

*blue*. Other infringing Boat Light products may be identified as a result of discovery in this case.

21. As stated in Boat Light US's website for the Accused Product, the Accused Product is "[m]ade in America with American materials."

22. Boat Lights has in the past and continues to infringe the 644 and 463 Patents by making, importing, selling and/or offering to sell the Accused Product in this judicial district and elsewhere in the United States. Upon information and belief, Defendant Flanders controls the actions and decisions of Boat Lights, including directing the specific Boat Lights products to be developed, marketed and sold. Upon information and belief, Defendant Flanders has personally directed and approved the decision to release the Accused Product and has personally assisted and overseen others with respect to the sale of the Accused Product, and with specific knowledge that the product infringes the at least the 644 Patent. Furthermore, upon information and belief, Defendant Flanders has acted to install and instructed others on his behalf to install one of more of the Accused Products on one of more marine vessels by plugging it into the drain plug and connecting it to a power source to make sure the light works for its intended purpose.

23. Furthermore, upon information and belief, Defendant Flanders has been personally aware of the 644 Patent since at least January 2014, and further aware that the Accused Product infringed at least claim 1 of the 644 Patent. Therefore, Defendant Flanders' conduct with respect to designing, authorizing and overseeing the development, marketing and sale of the Accused Product, and its installation thereof on one or more marine vessels, as set forth in this Complaint, constitutes egregious, knowing and willful infringement of the 644 Patent.

24. Boat Light's publicly available technical documents and an inspection of the Accused Product show infringement of at least Claim 1 of the 644 Patent, though this action is not limited to infringement of Claim 1. By way of example of the proof of infringement regarding

5

each of the limitations of Claim 1 of the 644 Patent:

- The Accused Product is an <u>underwater lighting apparatus securable in a marine vessel having a transom drain hole positioned beneath the waterline comprising a removable drain plug and a fixed drain hole fitting configured to sealingly receive said removable drain plug</u>. The Accused Product's product details provide that the Accused product is "Fully waterproof and submersible, designed for fresh or salt water." Further, it also requires "No cutting or drilling to install." *See <u>https://www.boatlightsus.com/product-page/drain-plug-light-blue</u>* (Exhibit C).



- The Accused Product includes a <u>support structure having a first end and a second end with a continuous side wall there between</u>. The image of the Accused Product on the Boat Light website clearly depicts the infringing support structure:



- The Accused Product includes <u>at least one lighting element disposed in said chamber</u>. The Accused Product's product details on the Boat Lights website provides: "LED light with over 50,000 hours of use". *See* Exhibit C. This lighting element is visible in the following image of the Accused Product:



7

- The Accused Product works in conjunction with <u>a power source electrically coupled to said electrical connections</u>. The Accused Product's product details on the Boat Lights website provide: "20 watts, under 2 Amp draw, operates on a 12 volt battery." *See* Exhibit C.

- In the Accused Product, <u>the removal of the drain plug allows the temporary placement of said support structure into said transom drain hole fitting which permits illumination of items behind the transom when said power source is energized</u>. The Accused Product's product details on the Boat Lights website states: "No cutting or drilling to install". *Id.* Further, the website's image shows that this element is met:



*Id.*

25.   Boat Light's publicly available technical documents and an inspection of the Accused Product show infringement of at least Claim 1 of the 463 Patent, though this action is not limited to infringement of Claim 1. By way of example of the proof of infringement regarding each of the limitations of Claim 1 of the 463 Patent:

- The Accused Product is an <u>is an underwater lighting apparatus securable in a marine</u>

<u>vessel having a transom drain hole fitting positioned beneath the waterline comprising a removable drain plug and a fixed drain hole fitting configured to sealingly receive said removable drain plug</u>. The Accused Product's product details provide that the Accused product is "Fully waterproof and submersible, designed for fresh or salt water." Further, it also requires "No cutting or drilling to install." *See* Exhibit C.



- The Accused Product includes <u>a support structure having a first end and a second end with a continuous side wall there between, an inner surface of said continuous side wall forming a chamber, an outer surface of said continuous side wall sized and arranged to sealingly secure to said transom drain hole fitting</u>. The image of the Accused Product on the Boat Light website clearly depicts the infringing support structure:

9



- The Accused Product includes <u>at least one lighting element disposed in said chamber, said lighting element having an illumination end positioned along a first end of said chamber</u>. The Accused Product's product details on the Boat Lights website provides: "LED light with over 50,000 hours of use". *See* Exhibit C. This lighting element is visible in the following image of the Accused Product:



- The Accused Product works in conjunction with <u>a power source electrically coupled to said lighting element</u>. The Accused Instrumentality works in conjunction with a power source electrically coupled to said lighting element. The Accused Product's product details on the Boat Lights website provide: "20 watts, under 2 Amp draw, operates on a 12 volt battery." *See* Exhibit C.

- In the Accused Product, <u>wherein removal of the drain plug allows the temporary placement of said support structure into said transom drain hole fitting which permits illumination of items behind the transom when said power source is energized</u>. The Accused Product's product details on the Boat Lights website states: "No cutting or drilling to install". *Id.* Further, the website's image shows that this element is met:



*Id.*

## Count I – Infringement of the 644 Patent

26.  Paragraphs 1-25 are incorporated by reference as if fully restated herein. This count alleges at least contributory patent infringement pursuant to 35 U.S.C. § 271(c).

27.  By using the Accused Product and connecting the Accused Product to a power

source, Boat Light's ultimate purchasers have directly infringed and continue to directly infringe the 644 Patent. Likewise, upon information and belief, the Defendants have installed one or more of the Accused Products and connected them to a power source for purposes of demonstrating that the products work for their intended purpose. As demonstrated above, at least Claim 1 of the 644 Patent has been infringed. To the extent that the Defendants have also installed the accused drain plug lights and connected them to a power source of a marine vessel in the course of product demonstrations, testing and other use of the drain plug lights, they too have directly infringed the 644 Patent pursuant to 35 U.S.C. § 271(a).

28. As demonstrated in Exhibit C hereto, Defendants offer to sell and sell the Accused Product to customers throughout the United States.

29. As demonstrated above, the Accused Product's technology forms a material component of the transom drain light claimed in the 644 Patent.

30. The Accused Product's technology operates such that it is not a staple article of commerce suitable for substantial non-infringing use.

31. Based on the prior knowledge of the 644 Patent and the Accused Product's infringement thereof, as set forth in Paragraph 24 above, Defendants have marketed and sold the Accused Product with knowledge that it is especially made or adapted for use as an infringement of the 644 Patent.

32. Through its sales and use of the Accused Product, Boat Light has contributorily infringed and continues to contributorily infringe the 644 Patent.

33. As alleged in Paragraph 24, Boat Light's ultimate purchasers are direct infringers of at least Claim 1 of the 644 Patent.

34. As demonstrated above and in Exhibit C, Boat Light offers to sell and sells the

Accused Product to customers throughout the United States.

35. Boat Light instructs its customers in how to use the Accused Product as claimed in the 644 Patent.

36. With actual knowledge of the existence of the 644 Patent, as detailed in Paragraphs 19 and 23 above, Defendants instruct Boat Light customers in how to use the Accused Products as claimed in the 644 Patent.

37. Upon information and belief, Defendants have knowingly induced infringement of at least Claim 1 of the 644 Patent and have done so with specific intent to encourage Boat Light's customers' infringement.

38. In instructing its customers in how to use the Accused Product technology claimed in the 644 Patent with actual knowledge of the 644 Patent and the infringement thereof, Boat Light and Defendant Flanders have knowingly intended to cause the direct infringement of the 644 Patent by its customers.

39. Boat Light has induced others to infringe and continues to induce others to infringe at least Claim 1 of the 644 Patent.

40. Further, Defendant Flanders is jointly and severally liable for inducement to infringe in light of his personal participation in, inducement of, and active aiding and abetting Boat Light's induced patent infringement, as well as his control over the actions of Boat Light's with respect to the sales of the Accused Product and the decision to induce customers to directly infringe the 644 Patent.

41. There is no requirement that the court pierce the corporate veil to find individual officer liability for induced patent infringement. *See Global Traffic Tech., LLC v. Morgan*, 620 Fed. Appx. 895 (Fed. Cir. 2015), *cert. denied*, 136 S. Ct. 824, 193 L. Ed. 2d 718 (2016), and *cert.*

*denied sub nom. STC, Inc. v. Glob. Traffic Techs.*, 136 S. Ct. 1163, 194 L. Ed. 2d 176 (2016). *See also United States v. Trek Leather, Inc.*, 767 F.3d 1288, 1299 (Fed.Cir. 2014) (en banc) ("[A] person who personally commits a wrongful act is not relieved of liability because the person was acting for another."). "It is longstanding agency law that an agent who actually commits a tort is generally liable for the tort along with the principal, even though the agent was acting for the principal. That rule applies, in particular, when a corporate officer is acting for the corporation." *Id.*

42. Upon information and belief, the acts of infringement alleged herein are especially egregious and willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warrant a finding that this is an exceptional case, pursuant to 35 U.S.C. § 285.

43. As detailed in Paragraphs 19 and 23 above, Defendants have continued their infringing practices with full knowledge of the 644 Patent and their infringement thereof, in derogation of Tojo's patent rights, Tojo's contention of infringement by other products which were substantially similar to the products accused herein, and in a manner that is objectively reckless.

44. Upon information and belief, Defendants will continue to infringe the 644 Patent unless enjoined by this Court.

45. As a consequence of the infringement complained of herein, Tojo has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendants are enjoined by this Court from committing further acts of infringement.

## COUNT II - Infringement of the 463 Patent

46. Paragraphs 1-25 are incorporated by reference as if fully restated herein. This count alleges contributory patent infringement pursuant to 35 U.S.C. § 271(c).

47. By using the Accused Product and connecting the Accused Product to a power source, Boat Light's ultimate purchasers have directly infringed and continue to directly infringe the 463 Patent. Likewise, upon information and belief, the Defendants have installed one or more of the Accused Products and connected them to a power source for purposes of demonstrating that the products work for their intended purpose. As demonstrated above, at least Claim 1 of the 463 Patent has been infringed. To the extent that the Defendants have also installed the accused drain plug lights and connected them to a power source of a marine vessel in the course of product demonstrations, testing and other use of the drain plug lights, they too have directly infringed the 463 Patent pursuant to 35 U.S.C. § 271(a).

48. As demonstrated above, the Accused Product's technology forms a material component of the transom drain light claimed in the 463 Patent.

49. Based on the prior knowledge of the 463 Patent and the Accused Product's infringement thereof, as set forth in Paragraph 25 above, Defendants have marketed and sold the Accused Product with knowledge that it is especially made or adapted for use as an infringement of the 463 Patent at least as early as the date of notice of this Complaint.

50. Through its sales and use of the Accused Product, Boat Light has contributorily infringed and continues to contributorily infringe the 463 Patent.

51. As alleged in Paragraph 25, Boat Light's ultimate purchasers are direct infringers of at least Claim 1 of the 463 Patent.

52. As demonstrated above and in Exhibit C, Boat Light offers to sell and sells the Accused Product to customers throughout the United States.

53. Boat Light instructs its customers in how to use the Accused Product as claimed in the 463 Patent.

54. With actual knowledge of the existence of the 463 Patent, at least as early as the date of notice of this Complaint, Defendants instruct Boat Light customers in how to use the Accused Products as claimed in the 463 Patent.

55. Upon information and belief, Defendants will knowingly induce infringement of at least Claim 1 of the 463 Patent and will do so with specific intent to encourage Boat Light's customers' infringement.

56. In instructing its customers in how to use the Accused Product technology claimed in the 463 Patent with actual knowledge of the 463 Patent and the infringement thereof, Boat Light and Defendant Flanders will knowingly cause the direct infringement of the 463 Patent by its customers.

57. Boat Light will induce others to infringe at least Claim 1 of the 463 Patent.

58. Further, Defendant Flanders is jointly and severally liable for inducement to infringe in light of his personal participation in, inducement of, and active aiding and abetting Boat Light's induced patent infringement, as well as his control over the actions of Boat Light's with respect to the sales of the Accused Product and the decision to induce customers to directly infringe the 463 Patent.

59. Upon information and belief, Defendants will continue to infringe the 463 Patent unless enjoined by this Court.

60. As a consequence of the infringement complained of herein, Tojo has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendants are enjoined by this Court from committing further acts of infringement.

## **COUNT III - Willful Infringement of the 644 Patent**

61. Paragraphs 1-25 are incorporated by reference as if fully restated herein. This count alleges willful patent infringement of the 644 Patent.

62. As detailed in Paragraph 24 above, Defendants have deliberately infringed Tojo's patent, with full knowledge of the 644 Patent, in a manner that is objectively reckless and in derogation of Tojo's patent rights and Tojo's competitive position in the marketplace. Upon information and belief, Defendants have done so without a good faith basis for believing that the Accused Product does not infringe, and without a good faith basis for believing that the 644 Patent is invalid. Given the totality of the circumstances, including the duration of the infringing conduct, the Defendants' desire to damage the market for Tojo's own sales of its own patented product, and the lack of relative closeness of this case, the Court should declare the infringement by the Defendants as willful in nature, treble the actual damages pursuant to 35 U.S.C. § 284, and award attorney's fees on the basis that this is an exceptional case, pursuant to 35 U.S.C. § 285.

63. As detailed in Paragraphs 24-27 above, Defendants have continued their infringing practices with full knowledge of the 644 Patent and Tojo's patent rights, and in a manner that is objectively reckless.

64. Upon information and belief, Diablo will continue to infringe the 644 Patent unless enjoined by this Court.

65. As a consequence of the infringement complained of herein, Tojo has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Diablo is enjoined by this Court from committing further acts of infringement.

## Prayer for Relief

WHEREFORE, Tojo prays for entry of judgment that:

(1) Defendants have contributorily infringed or directly infringed the 644 Patent;

(2) Defendants will contributorily infringe or has directly infringed the 463 Patent;

(3) Defendants have and/or will induce infringement of the 644 and 463 Patents;

(4) Defendants' infringement of at least the 644 Patent has been willful;

(5) Defendants account for and pay to Tojo all damages and costs of Tojo caused by Defendants' patent infringement, including payment of damages in the amount of no less than a reasonable royalty and/or lost profits, and that the damages awarded to Tojo be trebled after the jury determines the patent infringement in this case was willful;

(6) Tojo be granted permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining Jeffrey Flanders, Boat Lights, its officers, agents, servants, employees and those persons in active concert of participation with it from further acts of patent infringement;

(7) Tojo be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants' patent infringement;

(8) Costs and attorney's fees be awarded to Tojo pursuant to 35 U.S.C. § 285, as this is an exceptional case of patent infringement; and

(9) Tojo be granted such further and additional relief as this Honorable Court may deem just and proper under the circumstances.

## Demand for Jury Trial

Tojo requests that all issues in this case be tried to a jury.

DATED: June 7, 2018.

           <u>s/ Michael A. Abel</u>
           Michael A. Abel, Esq.
           Florida Bar No. 0075078
           Daniel K. Bean, Esq.
           Florida Bar No. 0015539
           ABEL BEAN LAW, P.A.
           50 North Laura Street, Suite 2500
           Jacksonville, Florida 32202
           Telephone: (904) 516-5486
           *mabel@abelbeanlaw.com*
           *dbean@abelbeanlaw.com*

           HILL, KERTSCHER & WHARTON, LLP[1]
           Steven G. Hill, Georgia Bar No. 354658
           Martha L. Decker, Georgia Bar No. 420867
           Vivek Ganti, Georgia Bar No. 755019
           3350 Riverwood Parkway
           Atlanta, Georgia 30339
           Telephone: (770) 953-0995
           Facsimile: (770) 953-1358
           *sgh@hkw-law.com*
           *md@hkw-law.com*
           *vg@hkw-law.com*

           *Trial Counsel for Plaintiff Tojo Sea Below, LLC*

---

[1] In accordance with Local Rule 2.02, Steven G. Hill, Martha L. Decker and Vivek Ganti will be filing a written motion, as well as a designation and consent to act within fourteen (14) days.